Filed 12/16/20  P. v. Niebla CA4/1

OPINION AFTER TRANSFER FROM THE CALIFORNIA SUPREME COURT

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. LUIS FONSECA NIEBLA, Defendant and Appellant. | D075037 (Super. Ct. No. 212938) |

APPEAL from an order of the Superior Court of San Diego County, Lorna A. Alksne, Judge.  Remanded with directions.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

We dismissed this appeal in our prior opinion, filed on March 17, 2020, because defendant was seeking a modification of his plea agreement and did not

have a certificate of probable cause. (*People v. Niebla* (Mar. 17, 2020, D075037 [nonpub. opn.].) The Supreme Court granted review. It subsequently ruled in *People v. Stamps* (2020) 9 Cal.5th 685, 698 (*Stamps*) that a certificate of probable cause is not required for a defendant who entered a negotiated plea to seek relief on appeal based on a change in the law that benefitted defendant. The court transferred this case back to us with directions to vacate our prior decision and to reconsider the cause in light of *Stamps*. We requested and received supplemental briefs from both parties.

We vacate our prior opinion of March 17, 2020.

We now agree with defendant that this case should be remanded so that he may ask the court to exercise its discretion to consider striking the 10-year firearm enhancement that the court imposed in accordance with the plea bargain. If the court indicates a willingness to do so, it must first offer the People an opportunity to withdraw the plea. (*Stamps*, *supra*, 9 Cal.5th at p. 706.)

## BACKGROUND

*Facts*[1]

In 2006, several items were stolen from Luis Bello's home, including $10,000 in cash and 27 pounds of marijuana. Lopez told Bello that Ramon Hernandez had called him and had asked him to help burglarize the home. Lopez refused, because he was friends with Bello. Bello suspected that Niebla had helped Hernandez commit the crime. Bello and three friends went to confront Niebla and Hernandez. Niebla and Hernandez denied stealing from Bello. Bello and others convinced Lopez to confront Niebla and Hernandez with

---

[1] We include a brief statement of the facts, drawn from the probation report, concerning the murder only. That is the only offense with a firearm enhancement, which is the gravamen of Niebla's appeal. Niebla admitted that he committed the other charges alleged, except for conspiracy.

2

the accusations face-to-face. The men gathered at a dirt parking lot where an argument ensued and Niebla shot Lopez seven times. The men drove off, leaving Lopez to die.

*Procedure*

An amended information charged Niebla with murder with the allegation that he personally used a firearm during the murder (Pen. Code,[2] §§ 187, subd. (a) & former 12022.5, subd. (a), count 1); conspiracy to commit murder (§ 182, subd. (a)(1), count 2); false imprisonment by violence (§§ 236 & 237, subd. (a), count 3); transportation of more than an ounce of marijuana (former Health & Saf. Code, § 11360, subd. (a), count 4); possession of more than an ounce of marijuana for sale (former Health & Saf. Code, § 11359, count 5); burglary (§ 459, count 6); and two counts of making a criminal threat (§ 422, counts 7 & 8).

Niebla agreed to plead guilty to voluntary manslaughter (§ 192, subd. (a)), as a lesser included offense of murder, with personal use of a firearm, and six other felonies, in return for a stipulated sentence of 26 years and dismissal of the conspiracy charge.

In 2011, the trial court sentenced Niebla to the stipulated term of 26 years, comprised of the upper term of 11 years for voluntary manslaughter, with a consecutive upper term of 10 years for personal use of a firearm, and consecutive terms of one-third of the middle term on each of the remaining counts: eight months for false imprisonment; one year for transportation of marijuana; eight months for possession of marijuana for sale; one year four

---

[2]	Further statutory references are to the Penal Code unless otherwise specified. We refer to the 2006 versions of all code sections in connection with Niebla's crimes.

3

months for first degree burglary; and eight months on each of the two counts of making a criminal threat.

The court granted a petition for resentencing on the marijuana counts at an ex parte hearing on October 23, 2018, pursuant to Proposition 64, which reduced most felony marijuana offenses to misdemeanors, including transportation and sale of more than an ounce of marijuana. (Health & Saf. Code, § 11361.8, subd. (b).) Niebla's sentence was recalled, his felony marijuana offenses were reduced to misdemeanors and Niebla was resentenced to one year, concurrent, on each of the two marijuana counts, with credit for time already served. The court resentenced Niebla on the remaining counts to the same terms originally ordered. Niebla's total sentence was reduced from 26 years to 24 years 4 months.

Niebla filed his notice of appeal on November 30, 2018.

DISCUSSION

Firearm enhancements were mandatory and could not be stricken when Niebla killed Lopez in 2006. The statute was amended effective January 1, 2018, to give the trial court discretion to strike or dismiss the firearm enhancements in the interest of justice. (§ 12022.5, subd. (c).) The court had the authority to consider its new discretion to strike the enhancement when it resentenced Niebla on the marijuana convictions, but did not. (See *ibid.* [discretionary striking of firearm enhancement applicable at any resentencing]; *People v. Buycks* (2018) 5 Cal.5th 857, 893–894 [court may consider all components of sentence when it resentences defendant on any portion of sentence].)

Niebla asks that this case be remanded so that he can ask the trial court to exercise its newly authorized discretion to strike or dismiss the firearm enhancement from his stipulated sentence. We agree it is appropriate to

4

remand the case, but with the caveat that the People must have the opportunity to withdraw from the plea agreement if the court is inclined to strike the firearm enhancement. The 10-year term for the enhancement was a significant part of Niebla's stipulated sentence, almost half, and the court may not drastically change the terms of the plea bargain without the People's assent. (*Stamps*, *supra*, 9 Cal.5th at p. 707.)

## DISPOSITION

We remand the matter for the limited purpose of allowing Niebla to request relief under section 12022.5, subdivision (c), and otherwise affirm the judgment. If Niebla chooses not to request relief, or the trial court declines to exercise its discretion under section 1385, Niebla's sentence will be affirmed. If the court indicates a willingness to strike the firearm enhancement, the prosecution will be entitled to withdraw from the plea agreement, and the court will be entitled to withdraw its approval of the plea agreement.

BENKE, J.

WE CONCUR:


McCONNELL, P. J.


GUERRERO, J.

5